UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JOHN DOE, | ) | Civil Action No. 04-10495-NG |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JOHN ASHCROFT, et al., | ) | |
| Defendants. | ) | |
| | ) | |

DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

Defendants hereby submit this Memorandum in Support of their Motion to Dismiss.

They have moved, pursuant to Fed. R. Civ. P. 12(b)(1), (2), (3), (5) and (6), to dismiss based on

lack of subject matter jurisdiction, lack of personal jurisdiction, insufficiency of service of

process, improper venue, and failure to state a claim.

**Introduction**

Plaintiff has brought an action against John Ashcroft, Attorney General of the United

States, Tom Ridge, Secretary of the Department of Homeland Security, and Colin Powell,

Secretary of State, apparently for breaching some confidentiality relating to Plaintiff's alleged

role in collecting information on behalf of the United States about a foreign government.

Complaint, ¶¶1-2.  The Complaint does not allege that the named defendants did or failed to do

anything with regard to Plaintiff.  The Complaint is vague as to the conduct complained of, is

incomprehensible in parts, and appears to relate to perceived wrongs during Plaintiff's

immigration proceedings.  Obviously, depending on Plaintiff's immigration status, and his status

as a criminal or non-criminal, there are prescribed (and exclusive) statutory remedies for those

perceived wrongs.  See e.g., 8 U.S.C. §1252.  In fact, Defendants understand that on April 16,

2004, Plaintiff appealed the denial of his asylum application by Immigration Judge Morace

(based in New York, New York) to the Board of Immigration Appeals.[1]

**Argument**

1.    This Court Lacks Jurisdiction Over Plaintiff's Claims

A.  There is no FTCA jurisdiction.

The Complaint alleges as its jurisdictional bases 28 U.S.C. §§1346 and 1331.  The first of

these statutes suggests that plaintiff intends some form of tort action against the United States.

To the extent that plaintiff has brought some form of tort action against the United States, his

exclusive remedy is the Federal Tort Claims Act ("FTCA").  28 U.S.C. §2671 et seq.  The FTCA

is a limited waiver of sovereign immunity, and in providing it Congress required that the claim

first be presented to the agency before suit can be filed.  28 U.S.C. §2401(b); Roman v.

Townsend, 224 F.3d 24, 28 (1st Cir. 2000).  Only upon denial of the claim, may a claimant

institute suit against the United States.  28 U.S.C. §2675.  The failure to follow this procedure is

a fatal jurisdictional bar.    Gonzalez v. United States, 284 F.3d 281, 287 (1st Cir. 2002); Eveland

v. Director of Central Intelligence Agency, 843 F.2d 46, 50 (1st Cir. 1988).  Plaintiff fails to

allege that he has met this requirement, and therefore, to the extent he alleges some form of tort

claim against the United States, this Court lacks subject matter jurisdiction.

---

[1]    Curiously, in the immigration proceedings, in which most, if not all, of the issues in
this Complaint were raised, Plaintiff is proceeding under his own name and street address (not as
John Doe and not with a P.O. Box address).  Because this Court has ordered that Plaintiff be
referred to as John Doe, Defendants have not, at this time, provided copies of the immigration
proceeding pleadings.

B.  There is no Bivens Jurisdiction.

To the extent that plaintiff's invocation of 28 U.S.C. §1331 as a basis for jurisdiction means that he is asserting some form of constitutional or Bivens claim against the United States or the named individual defendants, that claim must also fail.  It is well settled that a Bivens action will not lie against an agency of the federal government.  Rivera v. Riley, 209 F.3d 24, 28 (1st Cir. 2000).  The same holds true as to federal officials sued in their official capacities.  Id.  It is axiomatic that the United States is immune from suit unless it has expressly consented to be sued.  United States v. Mitchell, 445 U.S. 535 (1980).  The United States has not consented to be sued for monetary damages directly under the Constitution, and therefore the doctrine of sovereign immunity bars such actions.  Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).  Therefore, to the extent that plaintiff has sued the defendants in their official, as opposed to individual, capacities, the complaint is barred by sovereign immunity.  28 U.S.C. §2679.

2.       Plaintiff Fails to Allege a Cognizable Bivens Claim

To the extent that this case involves a suit against the named defendants (Attorney General Ashcroft, Secretary Powell and Secretary Ridge) in their individual capacities, it must fail because the Complaint does not allege that the named defendants did or failed to do anything with regard to Plaintiff.   A Bivens action only may be brought against federal officers in their individual capacities; and but vicarious liability is not a viable Bivens theory.  Rivera, 209 F.3d at 38.  While a failure to carry out supervisory responsibilities may be a legitimate theory of Bivens liability, it only works if there is both subordinate liability and the supervisor's conduct is "affirmatively linked to the constitutional violation caused by the subordinate."  Id. (internal

quotation omitted).  There are no allegations against the defendants, let alone any linking them in any way with any alleged constitutional violations by any of their subordinates.

In addition, claims against government officials alleging violations of constitutional rights cannot be founded upon conclusory, vague or general allegations.  See Richards v. Harper, 864 F.2d 85, 88 (9ᵗʰ Cir. 1988); Kadar Corp. v. Milbury, 549 F.2d 230, 233 (1ˢᵗ Cir. 1977); Coyne v. United States, 233 F.Supp.2d 135, 143-144 (D. Mass. 2002)(dismissing Bivens claims where plaintiff failed to put forward any specific, nonconclusory factual allegations establishing an improper motive).  An action may be dismissed if the claims made are "wholly insubstantial and frivolous." Bell v. Hood, 327 U.S. 678, 683 (1946).  A frivolous action is one that "lacks an arguable basis in law or in fact," one that contains either inarguable legal conclusions or clearly baseless, "fanciful" or "delusional" factual allegations." Neitzke v. Williams, 490 U.S. 319, 325-26 (1989).  See also Wyatt v. Boston, 35 F.3d 13, 15 n.1 (1ˢᵗ Cir. 1994)(citing cases where dismissal is warranted if it is "patently obvious" that plaintiff could not prevail).  Insubstantial suits, such as Plaintiff's, should not be used to disrupt the effective functioning of the government by engaging the time and concerns of federal employees, and frivolous complaints should be quickly terminated.  Siegert v. Gilley, 500 U.S. 226, 232 (1991)(insubstantial lawsuits against the government should be quickly terminated "to ensure that federal officials are not harassed by frivolous lawsuits.").

Even if Plaintiff has somehow made allegations against the Defendants in their individual capacities for a Constitutional violation, not all violations of the Constitution will give rise to the type of implied damages action first recognized in Bivens.  Indeed, since Carlson v. Green, 446 U.S. 14 (1980), the Supreme Court has "consistently refused to extend Bivens liability to any

new context or new category of defendants." Correctional Servs. Corp. v. Malesko, 534 U..S.

61, 68 (2001).

Even in Bivens itself, the Court suggested that such a remedy should not be provided in

circumstance where there are "special factors counseling hesitation in the absence of affirmative

action by Congress." 403 U.S. at 396. The "special factor" most frequently found to preclude

the recognition of a Bivens action is the existence of a comprehensive statutory scheme in which

Congress has permitted some redress for the harm claimed by the plaintiff. E.g., Bush v. Lucas,

462 U.S. 367 (1983); Schweiker v. Chilicky, 487 U.S. 412, 414, 429 (1988). In this case,

Plaintiff's grievances with his immigration process, hearing and the apparent decision denying

him asylum, were not without redress. He had the right (and apparently exercised it) to appeal to

the Board of Immigration Appeals ("BIA"). See McIntosh v. Turner, 861 F.2d 524, 525-26 (8th

Cir. 1988)(when "Congress has heavily regulated a certain subject, . . . but has said nothing

about a right of action for constitutional violations," the "result is sort of a presumption against

judicial recognition of direct actions for violations of the Constitution by federal officials or

employees"). Therefore, the Court should decline to recognize Plaintiff's Bivens claim.

To the extent that the Court finds that Plaintiff's claims may proceed against the

Defendants in their individual capacities, Defendants require, and therefore (in the alternative)

have moved for, pursuant to Fed. R. Civ. 12(e), a more definite statement that includes specific

"non-conclusory factual allegations," Crawford-El v. Britton, 523 U.S. 574, 598 (1998),

regarding their conduct so that they can then move to dismiss based on the doctrine of qualified

(or absolute) immunity. See Anderson v. Creighton, 483 U.S. 635 (1987); Fabiano v. Hopkins,

352 F.3d 447 (1st Cir. 2003).

3.    This Court Lacks Jurisdiction Over the Defendants.

In addition, this Court lacks jurisdiction over the individual defendants.  First, there does

not appear to have been service of process on them individually, as required in a Bivens case.[2]

Further, personal jurisdiction does not exist as none of the conduct alleged took place in

Massachusetts.  See Eveland v. Director of Central Intelligence Agency, 843 F.2d 46, 50 (1st Cir.

1988).

4.    Venue Does Not Lie in This District.

Plaintiff does make several meandering allegations that name various people involved in

his immigration proceeding, including an asylum officer in New Jersey, an INS (now DHS)

lawyer in New York, and an Immigration Judge, also in New York.  Whether Plaintiff intended

to name these individuals, and others as defendants is an open question.  It is clear, though, that

none of them resides in Massachusetts.  Equally clear is that none of the conduct alleged took

place in Massachusetts.  Because this is a case against officers of the United States, the venue

provisions of 28 U.S.C. §1391(b) apply.[3]  That section provides that such cases may only be

brought in a judicial district where: (1) a defendant resides, if all defendants reside in the same

district; (2) a substantial part of the events or omissions giving rise to the claim occurred; or (3) a

defendant may be found, if there is no district where the action could otherwise be brought.

---

[2]    In Plaintiff's Application for Entry of Party's Default, received by this office on May 27, 2004, Plaintiff avers that he served each defendant, but does not include such proof. Moreover, he has made this motion in haste, based on the misapprehension that the twenty (20) day response time in Fed. R. Civ. P. 12(a)(1)(A) applies.  Instead, Fed. R. Civ. P. 12(a)(3), which provides for a sixty (60) day response time is applicable.  Therefore, his motion is ill-founded.

[3]    The Supreme Court held in Stafford v. Briggs, 444 U.S. 527 (1980), that 28 U.S.C. §1391(e) is appropriate only when a federal officer is sued in his official capacity for equitable relief.

The defendants obviously live in districts other than Massachusetts, and there is a district in the New York area in which the core events at issue -- Plaintiff's immigration proceedings took place.  Therefore, venue is improper in this judicial district.

WHEREFORE, Defendants respectfully request that this Court allow their motion to dismiss.

Respectfully Submitted,

For the Defendants,

By their attorneys,


MICHAEL J. SULLIVAN
UNITED STATES ATTORNEY

By:    _/s/ Jeremy Sternberg_____

Jeremy M. Sternberg
Assistant U.S. Attorney
One Courthouse Way
U.S. Courthouse, Suite 9200
Boston, MA 02210
(617) 748-3100


Certificate of Service

I hereby certify that on this day, I caused a copy of the foregoing pleading to be sent by U.S. Mail to John Doe, P.O. Box 20109, New York, NY 10001-0005.

/s/ Jeremy Sternberg
Dated: 5/28/04                Jeremy M. Sternberg
Assistant U.S. Attorney