FILED
UNITED STATES DISTRICT COURT CLERKS OFFICE
DISTRICT OF MASSACHUSETTS

2004 JUN 10  A II: 51

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| **John Doe,** ) | CASE NO. 04-CV-10495NG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| **Ashcroft et. al,** ) | |
| ) | |
| Defendants. ) | |

**REQUEST TO DENY DEFENDANTS' MOTION TO DISMISS.**
**MOTION FOR INJUNCTIVE RELIEF**
**MOTION FOR DECLARATORY JUDGEMENT**
**MOTION TO AMEND INITIAL COMPLAINT**

## INTRODUCTION

The plaintiff filed a civil action on March 11, 2004 under the pseudonym of John

Doe and has excluded certain names , places and detail to protect both safety of Plaintiff

and U.S. national security information from being disclosed.

Plaintiff will amend this Complaint to substantiate his claims and entitlement to relief.

### <u>DEFENDANTS</u>

John Ascroft , Collin Powell and Tom Ridge are sued as officers of the United

States in their individual capacities for failing to exercise their supervising authority and

failing to perform their duties under the laws and Constitution of the United States as to

prevent the violation of plaintiff' rights under the Constitution of the United States by

their subordinates.

1

is expected to disclose classified information during the court hearing. As for the civil

complaint being filed under the John Doe , it is explained in the motion to proceed as

John Doe which correctly was granted.

## CLAIMS

### Violation of  Due Process and Equal Protection rights .

### Defendant Collin Powel

Plaintiff repeatedly requested  defendant through his subordinates and directly by

certified letter  to perform his duties under the laws and Constitution of the United States,

and according to promises of protection and strict confidentiality made inside the US

Embassy.

According to Executive Order 12333 Section 1.7  defendant has a duty as senior

official of the Intelligence Community to protect the intelligence sources and methods

from unauthorized disclosure and to report to the Attorney General possible violation of

federal criminal laws concerning the sources and methods.

The defendant   failed to assist and protect the plaintiff,  when the relation was

compromised, according to "PL-110 program" (50 U.S.C. 403h) used  by the Intelligence

Community  to assist individuals similarly placed as the plaintiff. According with

congressional testimony of Lt. General Williams , former Director of the Defense

Intelligence Agency, also part of the Intelligence Community, under "PL-110 program"

the Defendant is required by law to provide plaintiffs with financial and other assistance

and to ensure his personal security.

Because it was inside the US embassy when defendant promised the plaintiff protection and confidentiality in exchange for services performed, the plaintiff claim of entitlement to financial and other benefits is based not only on the regulations, but also on promises made to him and on the surrounding circumstances. A plaintiff property right may exist if words, conduct, or circumstances indicate mutually explicit understanding between the parties. See Perry v. Sindermann, 408 U.S. 593, 600-01(1972). Because plaintiff can sustain a property right claim under Sinderman, defendants' motion to dismiss for failure to state a claim should be denied.

When after a meeting inside the US Embassy the plaintiff was intercepted by that country intelligence officers, and identified the plaintiff as a source of information to US Government, the defendant failed to act when reported and left the plaintiff with no choice but to return to his native country where he would be put at risk and in permanent danger because of services provided to US Government. Because the defendant created a special relationship with the plaintiff the defendant have a constitutional duty to protect plaintiff' fundamental right to personal security and to provide for plaintiffs' basic needs. Defendant have breached this duty.

Because plaintiff was recognized by foreign intelligence officers, and as it was in the past he would be harassed in the future because of his relation with U.S. Government. This directly implicates plaintiff' fundamental liberty interests. See. Kallstrom v. City of Columbus, 136 F.3D 1055, 1062(6th Cir. 1998) (individuals' "interest in preserving their lives ...., as well as preserving their personal security and bodily integrity" constitutes a "fundamental liberty interest"). As evidence of plaintiff being a former confidential source of information to US Government and that agreements were made inside the US

Embassy plaintiff will introduce statement of former employee of the Department of State, former vice consul Jeffrey L. Samelson (also available as witness), and the so called "Unclassified Summary " provided by the INS , which in fact contains classified information according to E.O. 12356, E.O. 12958 , Sec426, Title 50 U.S.C , and was improperly handled according to named Executive Orders and their own DOJ INS internal regulations concerning handling of classified information (OPPM 98-10).

When plaintiff arrived in Boston , Massachusetts , before he filed any application with the INS , he had contacted the State Department, who sent Special Agent Stephan J. McShea who told the plaintiff that it was safe to tell the asylum officer that he was a confidential source to US Government. Asylum officer put that kind of information (the plaintiff was a confidential source of information to U.S. Government) on the paper for the first time and sent it to an unauthorized third party. Asylum officer Louis Cotto disclosed or otherwise made available to unauthorized persons in violation of Sections 641, 793, 794, 798, and 952, Title 18, United States Code. As evidence in support of this the plaintiff will submit statement of Special Agent Stephan J.Mcshea , the letter addressed to unauthorized third party, statement of third party, and witnesses' statements.

Subordinates Carol Timko and Mark Susser intentionally and maliciously and in bad faith conspired with Randa Zagzoug by sending false information, resulting in violating plaintiff constitutional rights under the 5th Amendment Due Process Clause. In Deshaney v. Winnebago County Deparment of Social Services, 489 U.S.189, 199-200 (1989), the Supreme Court held that when the government creates a special relationship with a person, the Substantive component of the Due Process Clause obligates the government to provide for that person's basic needs and to protect him from deprivation

of liberty. In this case it is clear that the government created a special relationship with the plaintiff and that affirmatively put him in danger. Not only that the defendant placed the plaintiff in danger by asking to engage in dangerous espionage activities, but, by not acting or acting in bad faith through his subordinates he would be forced by the INS to return to his native country where his personal safety would be in danger. Therefore a claim that the government violated the plaintiff Substantive due process right is established and the defendants' motion to dismiss should be denied.

Also the plaintiff was denied the Equal Protection Clause right because unless other individuals who performed similarly services on behalf of the Government (defectors etc.), the plaintiff was denied assistance under the same PL-110 Program (50U.S.C 403h). Equal Protection requires that "all persons similarly circumstanced shall be treated alike". Plyler v. Doe, 457 U.S.202,216(1982).

**Plaintiff' part of factual evidence to be submitted:**

A) Statement of former employee of the US Dep. of State, former vice consul Jeffrey L. Samelson which undoubtedly confirms that the U.S. Government coerced the plaintiff into collecting intelligence information on behalf of the U.S. Government.

B) Statement of Special Agent Stephan J. Mc Shea who interviewed the plaintiff in Boston , before any application with the INS was filed. Mr. McShea clearly states that he reported to his superiors but did not know if there was any follow up.

C) Letter to ambassador Lavin , confirmed of being received by RSO . After a follow up, the plaintiff was told that my case was transferred to Washington, and to contact Special Agent Mark S. Etelamaki (who is now serving a jail sentence) again.

D) Fax Letter to Mark Susser to send the real information to court according to Mr Samelson statement made via telephone to Mark Susser' subordinate Carol Timko.

E) Letter from Mark Susser to the court giving false information.

F) Certified letter sent to defendant Powell, defendant never responded. The letter was sent via certified mail and confirmation was received.

### Defendant Ashcroft and Tom Ridge (INS changed to DHS)

Plaintiff repeatedly requested defendants through their subordinates and directly by certified letter to perform their duties under the laws and Constitution of the United States, to observe the enforcement of U.S. National Security laws and regulations, E.O. 12356, E.O. 12958 , Sec426, Title 50 U.S.C, and Internal DOJ INS internal regulations concerning the handling of classified information OPPM 98-10[1].

When asylum officer Louis Cotto disclosed classified information about plaintiff as described under defendant Powell, Cotto was an officer of the USDOJ and acted under color of law . He violated plaintiff fundamental Constitutional rights by affirmatively placing plaintiff in danger after he was informed that the plaintiff has a property and liberty interest because of plaintiff special relationship with US Government. He violated criminal national security laws by disclosing the sources and methods, E.O. 12356, E.O. 12958 , Sec426, Title 50 U.S.C and also internal DOJ regulations. His actions are detrimental to US National Security and enhanced the danger

---

[1] Operating Policy and Procedures Memorandum OPPM 98-10: Classified Information in Immigration Court Proceedings (replacing previous OPPM 98-5 of the same title and dated July 21, 1998)

The purpose of the following procedures is to protect against the unauthorized disclosure of classified information pursuant to the provisions of Executive Orders 12,958, 60 Fed. Reg. 19,825 (1995); 3 C.F.R. 1995, Comp., p. 333 [hereinafter E.O. 12,958], and 12,968, 60 Fed. Reg. 40,245 (1995); 3 C.F.R. 1995, Comp., p. 391 [hereinafter E.O. 12,968], and the regulations implementing these Orders at 28 C.F.R. § 17 (1998).

and insecurity of the plaintiff. To support this, plaintiff will submit as evidence Coto'
letter containing classified information sent to unauthorized third party, third party
statements and witnesses testimonies (all reside in Massachusetts).

Plaintiff sent registered letter to Attorney General, and was informed that the
letter was received by an FBI special agent assigned at the Justice Department at the time
(Post office receipt and FBI Special Agent' business card are available as evidence).
Although the damage done by Louis Cotto is irreversible,  plaintiff requested in that letter
that the Justice Department intervene and prevent further disclosing of classified
information, and the Attorney General to act according to U.SC.50 § 403h which require
the defendant to assist and protect  the plaintiff.  No action was taken and no answer was
received.

Randa Zagzoug, INS Counsel at the time (now DHS) and officer of the DOJ
scheduled the plaintiff administrative hearing with immigration court at the request of
Department of State John L. McGruder. Immigration court is an arm of the DOJ, not
independent, and under the control of  Defendant Ashcroft. According to John L.
McGruder (witness) the hearing was supposed to be classified. The hearing not only that
was not classified but Mrs. Zagzoug and Immigration Judge Morace did not follow
internal rules concerning handling of classified information, OPPM 98-10, drafted in
accordance with  E.O. 12356, E.O. 12958 , Sec426, Title 50 U.S.C
They were fully aware that the information contained was classified under E.O. 12356,
E.O. 12958 , Sec426, Title 50 U.S.C. Also plaintiff informed them and submitted legal
material showing that the information was classified.

By not following the internal procedures of handling classified information, again the plaintiff was affirmatively and knowingly placed in danger. This was done maliciously taking into account the written statements made by Mrs. Zagzoug and Judge Morace. The plaintiff infomed again defendant Ashcroft through DOJ Internal Security office, no action and no answer was received.

Available as evidence is written closing statement of Mrs. Zagzoug in which she states that the plaintiff "betrayed his own country" and that the plaintiff "belonged to a group of "US spies not cognizable under United Nation Convention against torture".

Also available is Judge Morace' written decision in which he states "other governments have the right to protect themselves against the U.S. Goverment", and that the plaintiff "did not proved that custodial conditions in jail are not appropriate" if the plaintiff would be convicted for "being a spy" on behalf of US Government, and therefore the plaintiff did not qualify for asylum under the United Nation Convention Against Torture.

The immigration court hearing started in 1998 and it lasted two years for no reason , the plaintiff was scheduled countless times in open to the public hearings just to get another date , and any other time another INS counsel was representing the INS, who seemed to be familiar with the case. This was against to what Mr. McGruder (witness) told the plaintiff, that Randa Zagzoug (some kind of supervisor), would take care personally of the case. Also it is very unlikely that all if any of the INS counsels had security clearance according to Classified Information Procedures Act PL 96-456, or their own internal rules (OPPM 98-10).

After two years  judge Morace considered the record closed, that was year 2000, and decided that he would issue a written decision. According to internal immigration rules the immigration judge is required to issue a decision within 60 days[2].

Because the time was passing well over 60 days,  the plaintiff was still being deprived of basic liberties,  and classified information were being disseminated all over regardless of any clearance, the plaintiff , again, contacted the Justice Department through a certified letter addressed to defendant  John Ahscroft . No answer or any action was taken.

After sending certified letters to all defendants ,  Ashcroft,  Powell and Ridge and no answer was received after more then 6 month , from either defendant, the plaintiff decided to file the civil complaint.

After two weeks the plaintiff filed this complaint , judge Morace issued his decision denying plaintiff asylum. That was after four years since the record with the immigration court was closed (well over 60 days),  and curiously after two weeks  the plaintiff filed this civil complaint .

In contrast Judge Morace granted asylum  in less then half a year to  the alien mentioned in initial civil complaint, who got his visa on a false passport,  entered the US using the false documents and went underground with the help of special interest ethnical group. Available for evidence is the said alien attorney' statement concerning the false documents.( **Because this alien manage to fool trained US Embassy officials and trained custom officials at JFK airport, it is clear that a specialized ring in counterfeit documents was involved. Although it was proved to be fatal to United**

---

[2] OPPM 93-1 Immigration Judge Decisions.
      Written Decisions.
            Non-detained cases: Written decisions must be issued within 60 calendar days from the final hearing date.

**States security in numerous occasions, the use of false documents by terrorists , neither the DOJ or Homeland Security bother to investigate this ring in counterfeit documents).**

Unless the alien described  above and others applicants, the plaintiff was clearly deprived of equal protection under the constitution by being treated differently then other persons, and this because judge Morace considers that other governments "has the right to protect themselves" against the "aggressor" United States according to his written decision. Equal Protection requires that "all persons similarly circumstanced  shall be treated alike". Plyler v. Doe , 457 U.S.202,216(1982).

Moreover the plaintiff fear persecution because of services performed on behalf of US Government . Due process clause prevents the Government  from affirmatively placing an individual in danger, and requires the government to provide for and protect a person with whom it creates a special relationship. Wang v. Reno, 81 F.3d 808, 818 (9 th Cir. 1996). Substantive Due Process violations occur when the state impermissibly deprives an individual of an interest so fundamental as liberty, deprivation is prohibited **"regardless of the fairness of the procedures used ... "** Wood v. Ostrander, 879 F.2d 583, 589 (9 th Cir. 1989) (quoting Daniels v. Williams, 474 U.S. 327, 330-32(1986)). In Deshaney v. Winnebago County Deparment of Social Services, 489 U.S.189, 199-200 (1989), the Supreme Court held that when the government creates a special relationship with a person, the Substantive component of the Due Process Clause obligates the government to provide for that person's basic needs and to protect him from deprivation of liberty.

12

**Injunctive Relief.**

As a result of defendants' actions, plaintiffs have been irreparably injured and will continue to suffer irreparable injury until defendants cease depriving plaintiff of his fundamental right to liberty and personal security and fulfill their constitutional duty to provide for plaintiffs' basic needs. Plaintiff is without an adequate remedy at law and is entitled to a permanent injunction, as set forth below under Relief.

**Declaratory Judgment.**

Plaintiff is entitled to a declaratory judgment pursuant to 28 U. S. C. § 2201 as set forth below under Relief.

**Bivens.**

1) Plaintiff has suffered consequential damages, in amounts to be determined, including but not limited to, amounts for damages caused by the unconstitutional actions of Defendants' arbitrary and oppressive violation of Plaintiffs' property and liberty rights.

2) Plaintiff has also suffered damages from severe mental and emotional distress caused by Defendants wrongful and unconstitutional acts.

3) Plaintiff is entitled to an award of punitive damages in the amount of $10,000,000 ,00 per defendant by reason of Defendants' knowing, malicious and intentional violation of plaintiff' constitutional rights.

4) There are no alternative remedies available to Plaintiffs for Defendants wrongful and unconstitutional actions.

**RELIEF**

Plaintiff prays for the following relief:

13

**Injunctive Relief.**

1. A permanent injunction requiring defendant Ashcroft and the DOJ to safeguard all the information about the plaintiff, deemed classified pursuant to laws and regulations, including plaintiff' identity, and to ensure that subordinates without proper security clearance involved in plaintiff immigration proceedings are aware that the disclosure of said information is illegal and against the National Security Laws.

2. A permanent injunction requiring the defendant Attorney General Ashcroft to provide the same relief as it was provided in the past to other individuals (defectors, etc) under 50 U.S.C. Sec 403h also known as PL-110 Program.

3. A permanent injunction requiring the defendant Secretary Powell to fulfill his constitutional duty to protect plaintiff' personal security and provide for plaintiff' basic needs according to promises made, and to provide the same relief as it was provided in the past to other individuals (defectors, etc) under 50 U.S.C. Sec 403h also known as PL-110 Program.

**Declaratory Relief.**

A declaratory judgment that:

1. The Department of Justice failed to provide a constitutionally adequate process for adjudicating plaintiff' protected interests and thereby violated plaintiff' constitutional rights.

2. The decision of Department of Justice regarding all immigration proceedings including the denial of plaintiff's asylum is null and void.

3. The Department of State failed to protect plaintiffs' constitutional rights and defendant Secretary Powell failed to fulfill his constitutional duty to protect plaintiff'

14

personal security and provide for plaintiff' basic needs according to promises made, and

to  provide the same relief as it was provided in the past to other individuals (defectors,

etc) under 50 U.S.C. Sec 403h also known as PL-110 Program.


**Under Bivens.**

1) The entry of judgment in favor of the Plaintiff and against Defendants for

consequential damages and damages for severe emotional distress, in  amount of

100,000,000.00 per defendant.

2) Punitive damages in the amount of $10,000,000.00 per defendant.

3) Such other relief as is just and proper.

**Certificate of Service**

I hereby certify that a copy of this request/motion was mailed to defendants' counsel
Jeremy Sternberg, Assistant U.S. Attorney at the following address:

Jeremy M. Sternberg
Assistant U.S. Attorney
One Courthouse Way
U.S. Courthouse, Suite 9200
Boston, MA 02210


Respectfully submitted.     Date: _06/08/04_

John Doe
P.O.Box 20109
New York, NY 10001-0005

X_____