UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE
2004 JUN 28 P 1:42
U.S. DISTRICT COURT
DISTRICT OF MASS.

**John Doe**

    Plaintiff,

Vs.

**Amended Complaint,
CASE NO. 04-CV-10495NG**

**John Ashcroft, U.S. Attorney General.
Tom Ridge, Secretary Homeland Security.
Colin L. Powell, Secretary of State.
Carol Timko, U.S. Department OF State.
Marc Susser, U.S. Department OF State.
Randa Zagzoug, Homeland Security (formerly INS-DOJ).
Philip Morace, U.S. Department Of Justice.**

Defendants.

## PARTIES

**Plaintiff..**

1. Plaintiff, whose true name is not disclosed is proceeding by use of pseudonym, John Doe, and excluded certain names, places and detail for reasons of personal security and to protect U.S. National Security information from being disclosed.

**Defendants.**

2. **Defendant Colin Powell.**

Colin Powell, U.S. Secretary of State had the ultimate responsibility over the activities of the United State Embassies abroad and over the activities of the officers of the U.S. Department of State acting in their official capacities in the United States, abroad and on the premises of the United States Embassies. He is charged with exercising the powers and duties of the U.S. Department of State in accordance with duly adopted procedures and laws and Constitution of the United States. As an individual, he is charged with failure to remedy wrongs after learning about it, and continued the policy and custom under which constitutional violations occurred, and for gross negligence in managing subordinates who cause violations. He is responsible for depriving plaintiffs - without due process of law - of assistance and benefits to which he is entitled, and violating plaintiff' constitutionally protected rights. Defendant Powell is sued in his individual and official capacities.

3.  **Defendant John Ashcroft.**

Defendant John Ashcroft is the Attorney General of the United States. In this capacity, Defendant Ashcroft, at the time of the actions complained of herein, had ultimate responsibility for the implementation and enforcement of United States immigration laws. According to Sec. 103. [8 U.S.C. 1103] (a)(2), He shall have control, direction, and supervision of all employees and all the files and records of the service. He is charged with exercising the powers and duties of the U.S. Department of Justice in accordance with duly adopted procedures and laws and Constitution of the United States As an individual, he is charged with failure to remedy wrongs after learning about it, and continued the policy and custom under which constitutional violations occurred, and for gross negligence in managing subordinates who cause violations. He is responsible for depriving plaintiff' constitutionally protected liberty rights . Defendant Ashcroft is sued in his individual and official capacities.

4.  **Defendant Tom Ridge.**

Defendant Tom Ridge is the Secretary of Homeland Security. In this capacity, Defendant Ridge is currently responsible for the implementation and enforcement of United States immigration laws. Also according to Executive Order 13284 of January 23, 2003 The Secretary of Homeland Security, Tom Ridge, shall be considered a "Senior Official of the Intelligence Community" for purposes of Executive Order 12333. He is responsible for depriving plaintiff' constitutionally protected liberty rights. As an individual, he is charged with failure to remedy wrongs after learning about it, and continued the policy and custom under which constitutional violations occurred, and for gross negligence in managing subordinates who cause violations. He is responsible for depriving plaintiff' constitutionally protected liberty rights . Defendant Ridge is sued in his individual and official capacities.

5.  **Defendant Carol Timko**

Defendant Carol Timko, official of the U.S. Department of State. She is charged with conspiring with and/or aiding and abetting Defendants Randa Zagzoug and Philip Morace to deprive plaintiff of due process and liberty violation of the Fifth Amendment to the United States Constitution. Defendant Carol Timko is sued in her individual capacity.

6.  **Defendant Marc Susser.**

Defendant Marc Susser, official of the U.S. Department of State. He is charged with direct participation and conspiring with and/or aiding and abetting Defendants Randa Zagzoug, Philip Morace to deprive plaintiff of due process and liberty in violation of the Fifth Amendment to the United States Constitution. Defendant Susser is sued in his individual capacity.

7. **Defendant Randa Zagzoug.**

Defendant Randa Zagzoug, former official of U.S. Department of Justice and currently official of the Homeland Security. She is responsible for the implementation of the Attorney General directives concerning the handling of classified information according with internal regulation OPPM 98-10 and according to Sec. 103. [8 U.S.C. 1103] (a)(2), concerning the files and records of the service. Defendant did not adhere to this laws and regulations facilitating the disclosure of classified information exposing the plaintiff as a confidential source of information to U.S. Government, enhancing the ongoing danger to plaintiff security. She conspired and intentionally made use of knowingly false information, obtained from defendants Timko and Susser, with the clear intent to deprive the plaintiff of due process and to deprive the plaintiff of liberty in violation of the Fifth Amendment to the United States Constitution. She is charged with direct participation and conspiring with and/or aiding and abetting Defendants Timko, Susser, and Philip Morace to deprive plaintiff of due process and liberty in violation of the Fifth Amendment to the United States Constitution. Defendant Randa Zagzoug is sued in her individual capacity.

8. **Defendant Philip Morace.**

Defendant Philip Morace, Official of the U.S. Department of Justice, as Immigration Judge, according to INA/ACT 101(4) is the subject to supervision and shall perform such duties as the Attorney General shall prescribe. He is responsible for the implementation of the Attorney General directives concerning the handling of classified information according with internal regulation OPPM 98-10 and according to Sec. 103. [8 U.S.C. 1103] (a)(2), concerning the files and records of the service. Defendant did not adhere to this laws and regulations facilitating the disclosure of classified information exposing the plaintiff as a confidential source of information to U.S. Government, enhancing the ongoing danger to plaintiff security. Defendant was aware that defendant Randa Zagzoug was using false information about plaintiff with the intent to deprive plaintiff of due process and liberty in violation of the Fifth Amendment to the United States Constitution. Defendant Philip Morace is charged with direct participation and conspiring with and/or aiding and abetting Defendants Zagzoug to deprive plaintiff of due process and liberty in violation of the Fifth Amendment to the United States Constitution. Defendant Philip Morace is sued in his individual capacity.

## JURISDICTION AND VENUE

9.   This Court has jurisdiction under 28 U.S.C. § 1331 (federal question jurisdiction), 28 U.S.C. §§ 2201 and 2202 (the Declaratory Judgment Act).

10.   Plaintiff' claims for relief arise under the Fifth Amendment to the United States Constitution.

11.     Venue is proper under 28 U.S.C. §1391(b) in that a substantial part of the events or omissions giving rise to Plaintiffs' claim occurred within this judicial district.

## INTRODUCTION

**Summary.**

12.     This is a constitutional civil action for declaratory judgement, injunctive relief and compensatory damages for violations of plaintiff constitutional protected rights, under the Fifth amendment to the Constitution of the United States. Plaintiff seeks to require the Defendants Powell, Ashcroft and Ridge to cease depriving plaintiffs of his substantive due process rights to liberty and to provide assistance and benefits to which the plaintiff is entitled.

### The overall disfunctionality of the Intelligence Community, including the Department of State, with relevance to plaintiff.

13.     The last decade, a period when the plaintiff was asked and performed confidential services on behalf of the U.S. Government , is considered the darkest period of the Intelligence Community when the costliest security breeches occurred, including the major espionage cases of the highest ranking officials both at the CIA and the FBI and the deadliest terrorist attacks on U.S. soil starting with the bombing of the WTC in 1993 and culminating with the catastrophic terrorist attacks on the WTC in 2001. Two senior high level officials of the Intelligence Community of the United States, now convicted, were acting against the United States in the same area of operation were the plaintiff was acting on behalf of the United States. One of them alone is responsible for 9 deaths and revealed more than one hundred covert operations and betrayed more than thirty intelligence sources acting on behalf of U.S. Government. All these breaches did not happened overnight, it happened during a period of time, which clearly shows that gross negligence was a matter of policy, for which the heads of departments would personally became responsible.(Gallegos v. Haggerty, Northern District of New York, 689 F.Supp. 93). The Intelligence Community had a troubling relationship with defectors. A comprehensive investigation by the Inspector General concluded that the procedures with regard to defectors were grossly unfair and inappropriate. Too often, officials misuse the statutory obligations to "protect Intelligence Sources and Methods", to avoid lawful obligations and to cover negligence or to avoid embarrassment because of subordinates actions. Recently the commission investigating the 911 terrorist attacks had concluded that U.S. Intelligence Community is clearly dysfunctional. An already known fact left unmediated.. The State Department was directly responsible for letting into the United States known terrorists who participated in the 2003 WTC and 2001 WTC attacks. One of the high ranking Intelligence Official with relevance to plaintiff, now in jail for espionage, was transferred to counterterrorism in 2003 , because he was secretly investigated for espionage. Another Department of State official, also in jail now, who unfortunately was supposed to provide assistance to the plaintiff, was directly involved in counterterrorism among others things during 1998 – 2001, when he was convicted.

4

These facts are clearly confirmed, including how they relate to plaintiff, in the following documents available for evidence (the names of those two senior intelligence officials, now in jail, are omitted here, to protect the plaintiff identity):

    13.a.   An Assessment of the (omitted) Espionage Case and Its Implications for U.S. Intelligence. Senate Select Committee on Intelligence.(# omitted).

    13.b.   Statement of the director of Central Intelligence on the clandestine services and the damage caused by (omitted).

    13.c.   U.S.DOJ-FBI Official Press Release.

    13.d.   Analyses by US former senior Intelligence officers about these two cases.

    13.e.   Analyses by former U.S. Intelligence officers.

    13.f.   Statement of a high ranking foreign intelligence officer familiar with the case.

    13.g.   USDOJ-Commission for Review of FBI Security Programs.

## PLAINTIFF' RELATIONSHIP WITH THE U.S. DEPARTMENT OF STATE

14.   Under a clear agreement of strict confidentiality and protection, inside a U.S. Embassy, the plaintiff was asked by a vice consul (name omitted) to covertly collect information on behalf of the United States. The agents assured plaintiff that the assistance being offered was required by the laws of the United States. A letter from that vice consul is available as evidence, in which he confirms that he was an intermediary between the plaintiff and other U.S. Officials with whom the plaintiff had interacted for intelligence matters.

15.   During the following period of time at great risk, the plaintiff provided important information to U.S. Government according with their interest and concern, undertaking more and different types of activities which exposed plaintiff to grater danger.

16.   After a meeting in which the plaintiff reported a breach in security in the area of operation of the two high ranking officials described at paragraph 13, now in jail for espionage, the plaintiff was physically intercepted by that country intelligence officers who identified the plaintiff as a source of information to US Government.

17.   The plaintiff reported the encounter with the foreign intelligence officers and reiterated the previous strong signs of security breaches, and the fact that the foreign intelligence officers promised that they will see the plaintiff again. It was clear that the relation was compromised. The plaintiff asked for protection and resettlement according with the agreement made earlier inside the U.S. Embassy.

18.   The plaintiff was told that the information was conveyed to Washington, and they were waiting for an answer. After a follow up the plaintiff was told that he was refused assistance. The plaintiff was devastated, there was no safe place to go, and under

the harassment of the local foreign intelligence officers. The State Department failed to provide for plaintiff safety as promised after he was affirmatively put in danger.

19. It is important to note that one of the high ranking Intelligence Officials (now in jail for espionage), described at paragraph 13, was in charge of assessing breaches in security in the area where the plaintiff was operating. The evidence available now shows that he was informed and concerned about his own espionage activities against the United States and he used an old trick which this time did not work and latter was caught and convicted. The evidence available now shows a time line connection between the plaintiff reporting the breach in security, the U.S. Intelligence Official action to cover his espionage activities, and the time he was put under watch by another U.S. Counterintelligence service.

20. Also it is important to note that the second high ranking U.S. Intelligence official (now in jail for espionage), described at paragraph 13, who was the highest ranking U.S. Intelligence officer in the area of operation the same as plaintiff, that the evidence available now shows that he was engaged in espionage against the U.S. during the same period of time, and he was recruited during an operation of "compromise and recruit", according to information available now, executed by S.V.R.R in concert with local Intelligence Services. The evidence available now shows a time line connection between the plaintiff reporting the breach in security and the time he was put under watch by another U.S. Counterintelligence service.

### THE STATE DEPARTMENT DEROGATION OF ITS CONSTITUTIONAL AND STATUTORY OBLIGATIONS

21. Because the plaintiff received no assistance as promised and found himself abandoned and the danger to his safety was increasing day by day, the plaintiff had no choice but to act fast and protect himself.

22. Immediately upon his arrival in the United States, the plaintiff contacted the Department of State who sent in a Special Agent (name omitted) who interviewed the Plaintiff.

23. According to a statement of the Department of State Special Agent, available for evidence, he reported to his superiors at the State Department but did not know if there was any follow up.

24. Not only that there was no follow up but the plaintiff was again abandoned. This was against the agreement and against plaintiff constitutional rights. The Department of State created a special relationship by asking the plaintiff to engage in espionage on behalf of the United States. When the government creates a special relationship with a person, the substantive component of the Due Process Clause obligates the government to provide for that person's basic needs and to protect him from deprivations of liberty.

25. The plaintiff continued to ask for protection, but no action was taken and no change in plaintiff situation. He continued to be deprived of basic liberties and the ability to provide for his safety and basic needs. The plaintiff was experiencing extreme emotional distress because of being unable to see his family members who were ill in hospital or to attend services of family members who in the meantime past away.

26. On August 5th, 2003 the plaintiff wrote to Secretary of State, Colin Powell, a certified letter in which the plaintiff provided details about his confidential relationship with the United States, initiated on the premises of the United States Embassy by officers of the U.S. Department of State acting in their official capacities.

27. The defendant never answered and did not act to remedy any ongoing violations of the plaintiff clearly established rights, and continued to affirmatively place the plaintiff in danger, after the U.S. Government created a special relationship with the plaintiff by asking him to engage in espionage on behalf of the U.S. Government. Defendant violated the plaintiff substantive due process right by impermissibly depriving the plaintiff of an interest so fundamental as liberty, after the U.S. Government created a special relationship in which the plaintiff has a property and liberty interest.

28. Defendant created a substantial danger to plaintiff' personal security. Such danger continues today and will continue for the rest of plaintiff' life. Defendant violate the Constitution by being deliberately and recklessly indifferent to this continuing danger. Plaintiff sacrificed his personal relationships, career and education based on promises inside the U.S. Embassy. And now defendant actions or inaction prevents the plaintiff to engage in common occupations of life which are essential to free men, a right recognized by the U.S. Constitution, and violated by defendant.

29. Defendant Colin Powell as senior official of the Intelligence Community has a duty according to Executive Order 12333 Section 1.7 to protect the intelligence sources and methods from unauthorized disclosure and to report to the Attorney General possible violation of federal criminal laws concerning the sources and methods. Defendant failed to remedy wrongs after learning about it, and continued the policy and custom under which constitutional violations occurred, and for gross negligence in managing subordinates who cause violations. Defendant knew or ought reasonably have known that by not acting to remedy wrongs the plaintiff would continue to be deprived of liberty in violation of the Fifth Amendment to the United States Constitution.

30. Defendant also violated Plaintiff right to equal protection. Defendant has a duty to assist and protect the plaintiff according to "PL-110 program" (50 U.S.C. 403h) used by the Intelligence Community to assist individuals similarly placed as the plaintiff.

7

## VIOLATION OF PLAINTIFF CONSTITUTIONAL RIGHTS BY DEFENDANTS CAROL TIMKO, MARC SUSSER, RANDA ZAGZOUG AND PHILIP MORACE.

31.     Defendants Randa Zagzoug, Philip Morace, Carol Timko and Marc Susser as officers of the United States, acting under color of law and authority, caused the deprivation of property and liberty interests resulting in irreversible harm to Plaintiff.

**DEFENDANT RANDA ZAGZOUG.**

32.     Because the plaintiff received no assistance from the Department Of State he had no choice but to deal with the INS by himself.

33.     Randa Zagzoug, INS Counsel at the time (now DHS) and officer of the DOJ scheduled the plaintiff administrative hearing with immigration court at the request of Department of State John L. McGruder. According to John L. McGruder (witness) the hearing was supposed to be classified. The hearing not only that was not classified but defendant did not follow internal rules concerning handling of classified information, OPPM 98-10, drafted in accordance with E.O. 12356, E.O. 12958, Sec426, Title 50 U.S.C.

34.     Defendant was fully aware that the information contained was classified under E.O. 12356, E.O. 12958, Sec426, Title 50 U.S.C. Also plaintiff informed the defendant and submitted legal material showing that the information was classified.

35.     Defendant Randa Zagzoug, conspired and intentionally made use of knowingly false information obtained from defendants Timko and Susser, with the clear intent to deprive the plaintiff of due process right and to deprive the plaintiff of liberty in violation of the Fifth Amendment to the United States Constitution. Defendant Randa Zagzoug violated clearly established statutory and constitutional rights of which a reasonable person would have known. She clearly violated Federal Statutory [8 U.S.C. 1103] Regulations concerning the handling of USDOJ(INS) records, by disclosing the plaintiff identity and his confidential relationship with the U.S. Government, enhancing the danger to plaintiff liberty and personal security. Defendant Randa Zagzoug violated clearly established internal U.S.DOJ(INS) regulations (OPPM 98-10), concerning the handling of classified information which resulted in irreparable damage to plaintiff personal security. This was done intentionally according with her own statements available as evidence. She accused the plaintiff of betraying his own country on behalf of the U.S. Government, among other derogatory statements. Defendant Randa Zagzoug was clearly aware that her actions were unconstitutional and not only that she would have known, but was fully aware that the plaintiff was being deprived of his liberty without due process, and was subjected to mental pain, this according with her own written

statements in which she was concerned if her actions during the proceedings qualifies as Torture.

### DEFENDANT CAROL TIMKO.

36. Defendant Carol Timko, official of the U.S. Department of State was responsible to transmit correct information about the plaintiff, especially after she was personally informed by former U.S. Vice Consul (omitted). Instead she conspired /abetting defendant Randa Zagzoug and transmitted the false information used by Randa Zagzoug to violate the plaintiff Constitutional due process right, and deprive the plaintiff of his liberty. Defendant Carol Timko knew or ought reasonably have known that by violating clearly established rules and regulations the plaintiff would continue to be deprived of liberty in violation of the Fifth Amendment to the United States Constitution. She intentionally and maliciously and in bad faith sent false information, resulting in violating plaintiff constitutional rights under the 5th Amendment.

### DEFENDANT MARC SUSSER

37. Defendant Marc Susser, official of the U.S. Department of State and supervisor of defendant Carol Timko, did not act to remedy wrongs after learning about it, and continued the policy and custom under which constitutional violations occurred and manifested gross negligence in managing subordinates who cause violations. Defendant Susser was personally informed about the ongoing violations committed by his subordinate Carol Timko, he refused to act saying that it was to late. Furthermore he himself knowingly transmitted false information used by defendant Randa Zagzoug and defendant Philip Morace to violate the plaintiff Constitutional due process right, and deprive the plaintiff of his liberty. Defendant Susser clearly knew or ought reasonably have known that by violating clearly established rules and regulations the plaintiff would continue to be deprived of liberty in violation of the Fifth Amendment to the United States Constitution. He is charged with direct participation and conspiring with and/or aiding and abetting Defendants Randa Zagzoug and Philip Morace to deprive plaintiff of liberty in violation of the Fifth Amendment to the United States Constitution.

### DEFENDANT PHILIP MORACE

38. Defendant Philip Morace, Official of the U.S. Department of Justice, as Immigration Judge, according to INA/ACT 101(4) is the subject to supervision and shall perform such duties as the Attorney General shall prescribe. He is responsible for the implementation of the Attorney General directives concerning the handling of classified information according with internal regulation OPPM 98-10 and according to Sec. 103. [8 U.S.C. 1103] (a)(2), concerning the files and records of the service. Defendant did not adhere to this laws and regulations facilitating the disclosure of classified information exposing the plaintiff as a confidential source of information to U.S. Government enhancing the ongoing danger to plaintiff security because of already vulnerable situation created by other defendants. Defendant was aware that defendant Randa zagzoug was using false information about plaintiff and was abetting her to deprive plaintiff of due

process and liberty in violation of the Fifth Amendment to the United States Constitution. Through direct participation and implied agreement with defendant Zagzoug, the defendant conspired to deprive the plaintiff of his liberty and to subject the plaintiff to ongoing mental duress and further enhance the plaintiff insecurity. He was fully aware that the plaintiff was placed in danger as a result of his special relationship with the U.S. Government , and that the plaintiff has a property right and liberty interest because of that relationship, and the U.S. Government has a duty to provide for plaintiff safety because of that special relationship. Instead Defendant Philip Morace was concerned if the conditions in jail are appropriate if the plaintiff would be convicted for espionage on behalf of the United States. And he concluded that they were appropriate according with his decision. This clearly shows that defendant was aware that the plaintiff would be deprived of his liberty as a result of his actions, and because of services performed on behalf of the U.S. Government. This is beyond that a reasonable person would have known that his actions were depriving the plaintiff federally constitutionally protected rights. The defendant envisioned the plaintiff being deprived of his liberty as a result of defendant actions.

39.     The immigration court hearing started in 1998 and it lasted two years for no reason , the plaintiff was scheduled countless times in open to the public hearings just to get another date , and any other time another INS counsel was representing the INS, who seemed to be familiar with the case. This was against to what Mr. McGruder (witness) told the plaintiff, that Randa Zagzoug (some kind of supervisor), would take care personally of the case. Also it is very unlikely that all if any of the INS counsels had security clearance according to Classified Information Procedures Act PL 96-456, or their own internal rules (OPPM 98-10).

40.     After two years defendant Morace considered the record closed, that was year 2000, and decided that he would issue a written decision. According to internal immigration rules the immigration judge is required to issue a decision within 60 days . Because the time was passing well over 60 days (OPPM 93-1 Immigration Judge Decisions), the plaintiff was still being deprived of basic liberties, and classified information were being disseminated all over regardless of any clearance. The plaintiff , again, contacted the Justice Department through a certified letter addressed to defendant John Ahscroft . No answer or any action was taken.

41.     After two weeks the plaintiff filed this complaint , judge Morace issued his decision denying plaintiff asylum. That was after four years since the record with the immigration court was closed (well over 60 days), and curiously after two weeks the plaintiff filed this civil complaint .

42.     In contrast Judge Morace granted asylum in less then half a year to the alien mentioned in initial civil complaint, who got his visa on a false passport, entered the US using the false documents and went underground with the help of special interest ethnical group. Available for evidence is the said alien attorney' statement concerning the false documents.( Because this alien manage to fool trained US Embassy officials and trained custom officials at JFK airport, it is clear that a specialized ring in counterfeit

documents was involved. Although it was proved to be fatal to United States security in numerous occasions, the use of false documents by terrorists, neither the DOJ or Homeland Security bother to investigate this ring in counterfeit documents).

43. Unless the alien described above and others applicants, the plaintiff was clearly deprived of equal protection under the constitution by being treated differently then other persons, and this because judge Morace considers that other governments "has the right to protect themselves" against the "aggressor" United States according to his written decision. Equal Protection requires that "all persons similarly circumstanced shall be treated alike".

44. Because the defendant showed to be sympathetic to individuals who violated the law against the United States, his actions were as a matter of policy tolerated at the highest level and gross negligee by the supervising authority, defendant John Ashcroft, who failed to remedy wrongs after learning about it. Defendant Philip Morace directly participated in/or aiding and abetting Defendant Zagzoug to deprive plaintiff of due process and liberty in violation of the Fifth Amendment to the United States Constitution.

## VIOLATION OF PLAINTIFF CONSTITUTIONAL RIGHTS BY DEFENDANTS JOHN ASHCROFT AND TOM RIDGE

### DEFENDANT JOHN ASHCROFT

45. Defendant JOHN ASHCROFT is the Attorney General of the United States. In this capacity, Defendant Ashcroft, at the time of the actions complained of herein, had ultimate responsibility for the implementation and enforcement of United States immigration laws. According to Sec. 103. [8 U.S.C. 1103] (a)(2), He shall have control, direction, and supervision of all employees and all the files and records of the service. As an individual, he is charged with failure to remedy wrongs after learning about it, and continued the policy and custom under which constitutional violations occurred, and for gross negligence in managing subordinates who cause violations. On August 5th, 2003 the plaintiff wrote to Attorney General Ashcroft, a certified letter in which the plaintiff provided details about intentional violation of U.S. National Security laws concerning the protection of sources and methods, the improper and illegal handling of classified material and information which resulted in the enhancement of danger to plaintiff as a confidential source of information to U.S. Government. Also defendant Ashcroft was informed about the intentional infliction of emotional distress by the illegal and unconstitutional actions of his subordinates, defendants Zagzouz and Morace. The defendant never responded and did not act to remedy any ongoing violations of the plaintiff clearly established rights and affirmatively placed the plaintiff in danger after the U.S. Government created a special relationship with the plaintiff by asking him to engage in espionage on behalf of the U.S. Government. Defendant knew or ought reasonably to have known that by not acting to remedy wrongs the plaintiff would continue to be deprived of liberty in violation of the Fifth Amendment to the United States Constitution.

### DEFENDANT TOM RIDGE

46. Defendant TOM RIDGE is the Secretary of Homeland Security. In this capacity, Defendant Ridge is currently responsible for the implementation and enforcement of United States immigration laws. According to Executive Order 13284 of January 23, 2003 The Secretary of Homeland Security, Tom Ridge, shall be considered a "Senior Official of the Intelligence Community" for purposes of Executive Order 12333. As senior official of the Intelligence Community he has a duty to protect the intelligence sources and methods of the United States from unauthorized disclosure and to report to the Attorney General possible violation of federal criminal laws concerning the sources and methods. As an individual, he is charged with failure to remedy wrongs after learning about it, and continued the policy and custom under which constitutional violations occurred, and for gross negligence in managing subordinates who cause violations. On August 5th, 2003 the plaintiff wrote to Secretary Ridge, a certified letter in which the plaintiff provided details about intentional violation of U.S. National Security laws concerning the protection of sources and methods, the improper and illegal handling of classified material and information which resulted in the enhancement of danger to plaintiff as a confidential source of information to U.S. Government. Also defendant Ridge was informed about the intentional infliction of emotional distress by the illegal and unconstitutional actions of his subordinae, defendant Zagzouz. The defendant never responded and did not act to remedy any ongoing violations of the plaintiff clearly established rights and affirmatively placed the plaintiff in danger after the U.S. Government created a special relationship with the plaintiff by asking him to engage in espionage on behalf of the U.S. Government. Defendant knew or ought reasonably have known that by not acting to remedy wrongs the plaintiff would continue to be deprived of liberty in violation of the Fifth Amendment to the United States Constitution.

### INJUNCTIVE RELIEF, DECLARATORY JUDGEMENT AND COMPENSATORY DAMAGES.

#### Injunctive Relief

47. As a result of defendants' actions, plaintiffs have been irreparably injured and will continue to suffer irreparable injury until defendants cease depriving plaintiff of his fundamental right to liberty and personal security and fulfill their constitutional duty to provide for plaintiffs' basic needs. Plaintiff is without an adequate remedy at law and is entitled to a permanent injunction, as set forth below under Relief.

### DECLARATORY JUDGEMENT.

48. Plaintiff is entitled to a declaratory judgment pursuant to 28 U. S. C. § 2201 as set forth below under Relief.

**COMPENSATORY DAMAGES**

49. Plaintiff has suffered consequential damages, in amounts to be determined, including but not limited to, amounts for damages caused by the unconstitutional actions of Defendants' arbitrary and oppressive violation of Plaintiffs' property and liberty rights.

50. Plaintiff has also suffered damages from severe mental and emotional distress caused by Defendants wrongful and unconstitutional acts.

51. Plaintiff is entitled to an award of punitive damages in the amount of $10,000,000 ,00 per defendant by reason of Defendants' knowing, malicious and intentional violation of plaintiff' constitutional rights.

52. There are no alternative remedies available to Plaintiffs for Defendants wrongful and unconstitutional actions.

**RELIEF**
**PLAINTIFF PRAYS FOR THE FOLLOWING RELIEF**

**INJUNCTIVE RELIEF**

53. A permanent injunction requiring defendant Ashcroft and the DOJ to safeguard all the information about the plaintiff, deemed classified pursuant to laws and regulations, including plaintiff' identity, and to ensure that subordinates without proper security clearance involved in plaintiff immigration proceedings are aware that the disclosure of said information is illegal and against the National Security Laws.

54. A permanent injunction requiring the defendant Attorney General Ashcroft to provide the same relief as it was provided in the past to other individuals (defectors, etc) under 50 U.S.C. Sec 403h also known as PL-110 Program.

55. A permanent injunction requiring the defendant Secretary Powell to fulfill his constitutional duty to protect plaintiff' personal security and provide for plaintiff' basic needs according to promises made, and to provide the same relief as it was provided in the past to other individuals (defectors, etc) under 50 U.S.C. Sec 403h also known as PL-110 Program.

**DECLARATORY RELIEF.**

**A declaratory judgment that:**

56. The Department of Justice failed to provide a constitutionally adequate process for adjudicating plaintiff' protected interests and thereby violated plaintiff' constitutional rights.

57. The decision of Department of Justice regarding all immigration proceedings including the denial of plaintiff's asylum is null and void.

58. The Department of State failed to protect plaintiff' constitutional rights and defendant Secretary Powell failed to fulfill his constitutional duty to protect plaintiff' personal security and provide for plaintiff' basic needs according to promises made, and to provide the same relief as it was provided in the past to other individuals (defectors, etc) under 50 U.S.C. Sec 403h also known as PL-110 Program.

**COMPENSATORY DAMAGES FOR CONSTITUTIONAL VIOLATIONS**

59. The entry of judgment in favor of Plaintiff and against Defendants for consequential damages and damages for severe emotional distress, in amount of 100,000,000.00 per defendant.

60. Punitive damages in the amount of $10,000,000.00 per defendant.

61. Such other relief as is just and proper.

**DATED this 21ST day of JUNE, 2004.**

John Doe
P.O.Box 20109
New York, NY 10001-0005

X