```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS


John Doe,                    )
                             )
        Plaintiff,           )    CASE NO. 04-CV-10495NG
                             )
    v.                       )
                             )
Ashcroft et. al,             )
                             )
        Defendants.          )
                             )
```

## PLAINTIFF' MOTION FOR SUMMARY JUDGMENT

Plaintiff John Doe hereby moves for summary judgment in his favor pursuant to Rule 56 of the Federal Rules of Civil Procedure on all claims in this case against defendants Powell, Ridge and Ashcroft . As grounds for this Motion, plaintiff states that there is no genuine issue as to any material fact and the plaintiff is entitled to judgment as a matter of law.

Evidence on the record attached to Second Amended Complaint in support of the Summary Judgement in favor of plaintiff that establishes that there is no issue of material fact to be tried:

Exhibit 1 - Statement of former vice consul Jeffrey L. Samelson.
Exhibit 2 - USDOJ-OIG Special Report
Exhibit 3 - Senate Select Committee on Intelligence Report.
Exhibit 4 - Statement of Special Agent Stephen McShea.
Exhibit 5 - Defendant McAllister letter.
Exhibit 6 - USDOJ-OIG Special Report – March, 1998.
Exhibit 7 - "Unclasified Summary"
Exhibit 8 - Defendant Zagzoug written Statements.
Exhibit 9 - Defendant Susser written Statement.
Exhibit 10,11,12 - Defendants Ashcroft, Powell and Ridge- Letters of Intent to Sue confirmations.
Exibit 13 - Defendant Morace written Statements.

1

Summary judgment is properly granted when the evidence in support of the moving party establishes that there is no issue of material fact to be tried. (Code Civ. Proc., section 437c; Mann v. Cracchiolo (1985) 38 Cal.3d 18, 35.) The court is required to consider all the evidence set forth in the papers, except where objections are properly sustained, and all inferences reasonably deducible from such evidence. If the court determines there is no triable issue of fact, the court will determine any remaining issues of law. (Pittelman v. Pearce (1992) 6 Cal.App.4th 1436, 1441.)

A material fact is one which might affect the outcome of the case under governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). To preclude summary judgment, the dispute about a material fact must also be "genuine," such that a reasonable jury could find in favor of the non-moving party.

## STATEMENT OF MATERIAL UNCONTESTED FACTS

1. U.S. Government created a special relationship with the plaintiff, §21 Second Amended Complaint and Exhibit 1 and Exhibit 7(page 2) on the record attached to Second Amended Complaint.

2. Subordinates McAllistar, Morace, Zagzoug, disclosed classified information, further compromising the confidentiality of the special relationship between Plaintiff and the U.S. Government, creating an irreversible danger to plaintiff. §§37-40 Second Amended Complaint and Exhibit 5 (Defendant McAllistar), §§46-54 and Exhibit 8 (Defendant Zagzoug), §§58-61 and Exhibit 13 (Defendant Morace).

3. Subordinates McAllistar, Morace, Zagzoug, disclosed classified information, detrimental to Plaintiff, in violation of E.O.12356, E.O.12958 , Sec426, Title 50 U.S.C.,Title 18 U.S.C, Classified information Procedures Act PL 96-456 and USDOJ-INS internal regulations (OPPM 98-10).

4. Defendants Powell, Ridge and Ashcroft did not act to prevent, correct or stop the disclosing of classified information detrimental to plaintiff when they were informed through different channels or after being personally informed via certified Letters of Intent to Sue addressed personally to Defendants Powell, Ridge and Ashcroft, confirmation received, §§68-69 and Exhibits 10, 11, 12, Second Amended Complaint . Plaintiff provided details about intentional violation of U.S. National Security laws concerning the protection of sources and methods, the improper and illegal handling of classified information by their subordinates, McAllister, Zagzoug , Morace, Timko and Susser , and the ongoing violations of Plaintiff's rights. Defendants Ascroft, Ridge and Powell never responded and did not act to remedy any ongoing violations of the plaintiff clearly established rights.

5. Defendant Powell and Ridge as senior officials of the Intelligence Community have a duty according to Executive Order 12333 Section 1.7 to protect the intelligence sources and methods from unauthorized disclosure and to report to the Attorney General possible violation of federal criminal laws concerning the sources and methods. Instead, Defendants Powell, Ridge and Ashcroft sent a message of condoning the illegalities of their subordinates . As a result defendant D.O.J. Morace further violated clearly established Federal Statutory and DOJ Internal regulations as described §§65-66 Second Amended Complained.

6. Defendants Powell, Ridge and Ashcroft actions or inactions violate the Due Process Clause of the Fifth Amendment to the United States Constitution. Defendants violated Plaintiff' substantive due process right by impermissibly depriving the plaintiff of an interest so fundamental as liberty, also Plaintiff was deprived of property right without due process because the U.S. Government created a special relationship with the plaintiff and failed to act according to clearly established law to protect plaintiff after that relation was clearly compromised.( See supporting memorandum of law).

7. Defendants also violated Plaintiff's right to equal protection. Defendants has a duty to assist and protect the plaintiff according to "PL-110 program" (50 U.S.C. 403h) used in the past by the Intelligence Community to assist individuals similarly placed as the plaintiff.( See supporting memorandum of law).

**Plaintiff, hereby respectfully move the Court for an Order as follows:**

I. A permanent injunction requiring defendant Ashcroft and the DOJ to safeguard all the information about the plaintiff, deemed classified pursuant to laws and regulations, including plaintiff' identity, and to ensure that subordinates without proper security clearance involved in plaintiff immigration proceedings are aware that the disclosure of said information is illegal and against the National Security Laws.

II. A permanent injunction requiring the defendant Attorney General Ashcroft to cease depriving plaintiff of relief entitled as provided in the past to other individuals (defectors, etc) under 50 U.S.C. Sec 403h also known as PL-110 Program.

4

III. A permanent injunction requiring the defendant Secretary Powell to fulfill his constitutional duty to protect plaintiff' personal security and provide for plaintiff' basic needs according to promises made, and to provide the same relief as it was provided in the past to other individuals (defectors, etc) under 50 U.S.C. Sec 403h also known as PL-110 Program.

IV. A declaratory judgment that:

1. The Department of Justice failed to provide a constitutionally adequate process for adjudicating plaintiff' protected interests and thereby violated plaintiff' constitutional rights.

2. The decision of Department of Justice regarding all immigration proceedings including the denial of plaintiff's asylum is null and void.

3. The Department of State failed to protect plaintiff' constitutional rights and defendant Secretary Powell failed to fulfill his constitutional duty to protect plaintiff' personal security and provide for plaintiff' basic needs according to promises made, and to provide the same relief as it was provided in the past to other individuals (defectors, etc) under 50 U.S.C. Sec 403h also known as PL-110 Program.

V. The entry of judgment in favor of Plaintiff and against Defendants Powell, Ashcroft and Ridge for consequential damages and damages for severe emotional distress, in amount of $100,000,000.00 per defendant.

    VI. Punitive damages in the amount of $50,000,000.00 per defendant.

In further support of this Motion, plaintiff has filed contemporaneously herewith a supporting memorandum of law.

Dated: January 5, 2005.
Respectfully submitted.

John Doe
P.O.Box 20109
New York, NY 10001-0005

X_____

## Certificate of Service

I hereby certify that a copy of Plaintiff' Motion for Summary Judgment was mailed on January 05, 2005 to Defendants' counsel Damian W. Wilmot, Assistant U.S. Attorney at the following address:

Damian W. Wilmot
Assistant U.S. Attorney
One Courthouse Way
U.S. Courthouse, Suite 9200
Boston, MA 02210


John Doe

X_____