UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
John Doe,              )
                       )
     Plaintiff,        )        CASE NO. 04-CV-10495NG
                       )
v.                     )
                       )
Ashcroft et. al,       )
                       )
     Defendants.       )
                       )
```

## MEMORANDUM IN SUPPORT OF PLAINTIFF' MOTION FOR SUMMARY JUDGMENT

### INTRODUCTION

On August 20, 2004, this Court entered an order directing Defendants' counsel to respond to Plaintiff's Second Amended Complaint by August 27, 2004, and specifically to "address the facts alleged in the amended complaint."

On August 23, 2004, Defendants sought an extension of time until September 24, 2004 to file the response. Among other reasons for seeking an extension was the Defendants' counsel need to address the factual allegations regarding Plaintiff's relationship with the United States and the allegations regarding the conduct of defendants Carol Timko, Marc Susser, Marva McAllister, Randa Zagzoug and Philip Morace, during Plaintiff's asylum proceedings.

Having no defense Defendants' counsel did not address the facts or the conduct of defendants Carol Timko, Marc Susser, Marva McAllister, Randa Zagzoug and Philip

1

Morace during Plaintiff's asylum proceedings. Ignoring the facts, Defendants' counsel wrongly argue in his motion to dismiss, that plaintiff asked this court to grant him asylum, and is invoking a host of immunities in order to profit from their own wrongdoings which are detrimental not only to plaintiff but to U.S. National Security.

Defendants Powell as Secretary of State, Ridge as Secretary of Homeland Security and Ashcroft as Attorney General are directly responsible for the implementation of PL-110 Program (50 U.S.C. Section 403h), once the relation was compromised. It is their own responsibility to implement it, not their subordinates.

Also Defendants Powell and Ridge as Seniors Members of the Intelligence Community had the exclusive duty to protect the sources and methods. E.O.12333, E.O. 13284. ¶¶ 72, 79.

It is clear from the Second Amended Complained that the Plaintiff asserts violations of his due process rights based on his special relationship with the U.S. Government and the unlawful conduct during the asylum proceedings by defendants Carol Timko, Marc Susser, Marva McAllister, Randa Zagzoug and Philip Morace, regardless of the asylum decision. ¶¶ 88,89.

## PROCEDURAL AND SUBSTANTIVE DUE PROCESS RIGHTS

¶ 21 and exhibits 1 and 7 attached to second amended complaint clearly establishes that a special relationship between Plaintiff and the U.S. Department of State existed. Exhibit 7, also, clearly shows that the relation was initiated by the U.S. Department of State.

¶¶23 -35 clearly describes the failure of the U.S. Department of State to protect plaintiff from deprivation of liberty and affirmatively placing him in danger after the relation was clearly compromised.

Defendants violated Plaintiff's substantive due process right by creating a special relationship with plaintiff and then failing to provide for his basic needs and protect him from deprivations of liberty, or by affirmatively placing him in danger L.W. v. Grubbs, 974 F.2d 119, 121 (9th Cir. 1992).

¶ 69 clearly describes Plaintiff's attempt to resolve this matter administratively by sending letters of intent to sue on August 5th 2003 to defendants Ashcroft , Powell, and Ridge. Defendants never answered and the six months period expired before the plaintiff filed this civil action.

Defendants Powel, Ashcroft and Ridge had a duty to assist and protect the plaintiff, when the relation was compromised, according to "PL-110 program" (50 U.S.C. 403h) used by the Intelligence Community to assist individuals similarly placed as the plaintiff. See, e.g., Federal Government's Handling of Soviet and Communist Bloc Defectors: Hearing Before the Permanent Subcomm. on Governmental Affairs, U.S. Senate, 100th Cong., 100-02, 174-75 (1987). According with congressional testimony of Lt. General Williams , former Director of the Defense Intelligence Agency, also part of the Intelligence Community, under "PL-110 program" the Defendants are required by law to provide plaintiff with financial and other assistance and to ensure his personal security.

Also as described at ¶ 21 in the amended complaint and supported by exhibit 1, it was inside the US embassy when Plaintiff was promised protection in exchange for

services performed, Plaintiff's property interest is based not only on the regulations, but also on promises made to him and on the surrounding circumstances. A plaintiff property right may exist if words, conduct, or circumstances indicate mutually explicit understanding between the parties. See Perry v. Sindermann, 408 U.S. 593, 600-01(1972).

¶¶ 23,24,25,26 Plaintiff describes how after a meeting inside the US Embassy the plaintiff was physically intercepted by that country intelligence officers, and identified the plaintiff as a source of information to US Government. Defendants failed to act when reported and left the plaintiff with no choice but to return to his native country where he would be put at risk and in permanent danger because of services provided to U.S. Government. Because defendants created a special relationship with the Plaintiff, Defendants have a constitutional duty to protect plaintiff's fundamental right to personal security and to provide for plaintiff's basic needs. Defendants have breached this duty.

Because plaintiff was recognized by foreign intelligence officers, and, as it was in the past, he would be harassed in the future because of his relation with U.S. Government. This directly implicates plaintiff's fundamental liberty interests.

See. Kallstrom v. City of Columbus, 136 F.3D 1055, 1062(6th Cir. 1998) (individuals' "interest in preserving their lives, as well as preserving their personal security and bodily integrity" constitutes a "fundamental liberty interest". In Deshaney v. Winnebago County Deparment of Social Services, 489 U.S.189, 199-200 (1989), the Supreme Court held that when the government creates a special relationship with a person, the Substantive component of the Due Process Clause obligates the government to provide for that person's basic needs and to protect him from deprivation of liberty.

4

It is clear from the second amended complaint that plaintiff have been deprived of his most fundamental liberty interests, including his ability to provide for his basic needs and his personal safety. Plaintiff sacrificed his personal relationships, career and education based on promises inside the U.S. Embassy, and now defendants actions or inaction prevents plaintiff to "engage in common occupations of life" which are "essential to the orderly pursuit of happiness by free men". Meyer v. Nebraska, 262 U.S. 390, 399, 43 S. Ct. 625, 67L. Ed. 1042 (1923). As the Court recognized in Meyer, these activities and occupations are encompassed by the Constitution's liberty protection.

Also the plaintiff was denied the Equal Protection Clause right because unless other individuals who performed similarly services on behalf of the Government (defectors etc.), the plaintiff was denied assistance under the same PL-110 Program (50U.S.C 403h). Equal Protection requires that "all persons similarly circumstanced shall be treated alike". Plyler v. Doe, 457 U.S.202,216(1982). It is also public knowledge that persons as plaintiff who provided similarly services on behalf of the U.S. Government are provided permanent residency in the United States along with other compensation for their services. See, e.g., Federal Government's Handling of Soviet and Communist Bloc Defectors: Hearing Before the Permanent Subcomm. on Governmental Affairs, U.S. Senate, 100th Cong., 100-02, 174-75 (1987) (describing support under PL-110 Program).

¶¶ 33 -68 and Exhibits 5,7,8,13 describes how Department of state deceived plaintiff and directed him to the wrong forum, (asylum proceeding), ¶¶ 33, 34 and Exhibit 4, with the clear intent to create a trivial asylum story. ¶¶ 37-40 and Exhibit 5 shows how defendant McAllister, disclosed plaintiff relation with U.S. Government for the first time

5

outside the Intelligence Community, creating an irreversible danger to plaintiff. Defendants Zagzoug and Morace further disclosed confidential information concerning plaintiffs relation with U.S. Government (Exhibits 7,8,13), affirmatively placing the plaintiff in danger. Defendants Timko and Susser knowingly sent false information, Exhibit 9, helping other defendants to engage in misconduct detrimental to plaintiff liberty. Defendants McAllister, Zagzoug and Morace by their actions clearly compromised plaintiff safety and liberty. Substantive Due Process violations occur when the state impermissibly deprives an individual of an interest so fundamental as liberty. Wood v. Ostrander, 879 F.2d 583, 589 (9 th Cir. 1989), Daniels v. Williams, 474 U.S. 327, 330-32(1986)).

### Defendants' qualified immunity Issue

The defense of qualified immunity protects "government officials . . . from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). The rule of qualified immunity " `provides ample support to all but the plainly incompetent or those who knowingly violate the law.' " Burns v. Reed, 500 U.S. 478, 494-95 (1991) (quoting Malley v. Briggs, 475 U.S. 335, 341 (1986)).

Defendants Powell, Ascroft and Ridge violated clearly established law 50 U.S.C. Sec.403h (PL-110), which is regularly and exclusively used by the Heads of Departments, Senior Officials of Intelligence Community. See, e.g., Federal Government's Handling of Soviet and Communist Bloc Defectors: Hearing Before the

Permanent Subcomm. on Governmental Affairs, U.S. Senate, 100th Cong., 100-02, 174-75 (1987). Their duties as Senior Members of Intelligence Community, E.O.12333, E.O. 13284, to protect the sources and methods, complemented with clearly drafted internal regulations is clearly established law. An agency is generally required to follow its own regulations. Vitarelli v. Seaton, 359 U.S. 535, 79 S. Ct. 968, 3 L. Ed. 2d 1012 (1959).

Defendants knew that by not acting, plaintiff would be deprived of his fundamental right to liberty. Their acts were deliberate, reckless and illegal detrimental to plaintiff and U.S. National Security.

### STANDARDS FOR SUMMARY JUDGMENT.

Summary judgment is properly granted when the evidence in support of the moving party establishes that there is no issue of material fact to be tried. (Code Civ. Proc., section 437c; Mann v. Cracchiolo (1985) 38 Cal.3d 18, 35.) The court is required to consider all the evidence set forth in the papers, except where objections are properly sustained, and all inferences reasonably deducible from such evidence. If the court determines there is no triable issue of fact, the court will determine any remaining issues of law. (Pittelman v. Pearce (1992) 6 Cal.App.4th 1436, 1441.)

A material fact is one which might affect the outcome of the case under governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). To preclude summary judgment, the dispute about a material fact must also be "genuine," such that a reasonable jury could find in favor of the non-moving party.

## STATEMENT OF MATERIAL UNCONTESTED FACTS

1. U.S. Government created a special relationship with the plaintiff, §21 Second Amended Complaint and Exhibit 1 and Exhibit 7(page 2) on the record attached to Second Amended Complaint.

2. Subordinates McAllistar, Morace, Zagzoug, disclosed classified information, further compromising the confidentiality of the special relationship between Plaintiff and the U.S. Government, creating an irreversible danger to plaintiff. §§37-40 Second Amended Complaint and Exhibit 5 (Defendant McAllistar), §§46-54 and Exhibit 8 (Defendant Zagzoug), §§58-61 and Exhibit 13 (Defendant Morace).

3. Subordinates McAllistar, Morace, Zagzoug, disclosed classified information, detrimental to Plaintiff, in violation of E.O.12356, E.O.12958, Sec426, Title 50 U.S.C.,Title 18 U.S.C, Classified information Procedures Act PL 96-456 and USDOJ-INS internal regulations (OPPM 98-10).

4. Defendants Powell, Ridge and Ashcroft did not act to prevent, correct or stop the disclosing of classified information detrimental to plaintiff when they were informed through different channels or after being personally informed via certified Letters of Intent to Sue addressed personally to Defendants Powell, Ridge and Ashcroft, confirmation received, §§68-69 and Exhibits 10, 11, 12, Second Amended Complaint. Plaintiff provided details about intentional violation of U.S. National Security laws concerning the protection of sources and methods, the improper and illegal handling of classified information by their subordinates, McAllister, Zagzoug, Morace, Timko and Susser, and the ongoing violations of Plaintiff's rights. Defendants Ascroft, Ridge and

Powell never responded and did not act to remedy any ongoing violations of the plaintiff clearly established rights.

5. Defendant Powell and Ridge as senior officials of the Intelligence Community have a duty according to Executive Order 12333 Section 1.7 to protect the intelligence sources and methods from unauthorized disclosure and to report to the Attorney General possible violation of federal criminal laws concerning the sources and methods. Instead, Defendants Powell, Ridge and Ashcroft sent a message of condoning the illegalities of their subordinates . As a result defendant D.O.J. Morace further violated clearly established Federal Statutory and DOJ Internal regulations as described §§65-66 Second Amended Complained.

6. Defendants Powell, Ridge and Ashcroft actions or inactions violate the Due Process Clause of the Fifth Amendment to the United States Constitution. Defendants violated Plaintiff substantive due process right by impermissibly depriving the plaintiff of an interest so fundamental as liberty, also Plaintiff was deprived of property right without due process because the U.S. Government created a special relationship with the plaintiff and failed to act according to clearly established law to protect plaintiff after that relation was clearly compromised.

7. Defendants also violated Plaintiff's right to equal protection. Defendants has a duty to assist and protect the plaintiff according to "PL-110 program" (50 U.S.C. 403h) used in the past by the Intelligence Community to assist individuals similarly placed as the plaintiff.

## CONCLUSION

Plaintiff claims have been completely demonstrated. Defendants demonstrated that they have no defense based on clear and convincing evidence submitted on the record. Initially Defendants acted in bad faith (See Defendants first motion to dismiss) and later did not address the irrefutable material facts supporting Plaintiff claims, as this court ordered.

For all of the foregoing reasons, plaintiff respectfully requests that the Court grant his summary judgment motion and enter an order as requested in the Plaintiff Motion for Summary Judgment submitted together with this memorandum.


Respectfully submitted.

John Doe
P.O.Box 20109
New York, NY 10001-0005

X_____

Dated: January 05, 2005

## Certificate of Service

I hereby certify that a copy of this Memorandum in support of Plaintiff'Motion for Summary Judgment was mailed on January 05, 2005 to Defendants'counsel Damian W. Wilmot, Assistant U.S. Attorney at the following address:

Damian W. Wilmot
Assistant U.S. Attorney
One Courthouse Way
U.S. Courthouse, Suite 9200
Boston, MA 02210


John Doe

X_____