UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN DOE,                              )<br>        Plaintiff,         )<br>                                        )<br>V.                                      )<br>                                        )<br>JOHN ASHCROFT, et al.,                  )<br>        Defendants.       )<br>                                        ) | Civil Action No. 04-10495-NG |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT**

Plaintiff brings this action against the Defendants for allegedly breaching various duties owed to Plaintiff as a result of his purported role in spying on a foreign government on behalf of the United States. Plaintiff, who had applied for political asylum in the United States but whose application was denied, contends that the Defendants breached their duties to provide protection to Plaintiff and of confidentiality, and, therefore, somehow violated his constitutional rights. Plaintiff now moves for summary judgement and requests, among other things, that this Court nullify his immigration proceedings and grant him asylum in the United States. Defendants submit this memorandum in opposition to Plaintiff's Motion for Summary Judgment.

**I.    THE COURT SHOULD DECIDE DEFENDANTS' MOTION TO DISMISS
       BEFORE DECIDING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT.**

As an initial matter, Defendants request that the Court stay its decision on Plaintiff's Motion in light of Defendants' pending Motion to Dismiss before the Court filed in September 2004, but not yet decided. Defendants' Motion to Dismiss argues that the Court should dismiss the action for lack of subject matter jurisdiction, lack of personal jurisdiction, insufficiency of service of process, improper venue, and failure to state a claim. "When a court is confronted with motions to dismiss under both Rules 12(b)(1) and 12(b)(6), it ordinarily ought to decide the

former before broaching the latter. . . . After all, if the court lacks subject matter jurisdiction, assessment of the merits becomes a matter of purely academic interest." <u>Deniz v. Municipality of Guaynabo</u>, 285 F.3d 142, 149-150 (1st Cir. 2002), citing <u>N.E. Erectors Ass'n v. Sec'y of Labor</u>, 62 F.3d 37, 39 (1st Cir. 1995) ("When faced with motions to dismiss under both 12(b)(1) and 12(b)(6), a district court, absent good reason to do otherwise, should ordinarily decide the 12(b)(1) motion first") and <u>Bell v. Hood</u>, 327 U.S. 678, 682 (1946) ("Whether the complaint states a cause of action on which relief could be granted is a question of law [which] must be decided after and not before the court has assumed jurisdiction over the controversy"). As such, the Court should decide Defendants' Motion to Dismiss before turning to Plaintiff's Motion for Summary Judgment.

II.     **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT.**

In the event that the Court either denies Defendants' Motion to Dismiss or decides to turn immediately to Plaintiff's Motion for Summary Judgment, Defendants oppose Plaintiff's Motion and request that the Court deny it.

**ARGUMENT**

Plaintiff claims that the Defendants have violated certain statutory and promissory obligations by purportedly (i) improperly disclosing classified information concerning Plaintiff, (ii) improperly compromising the confidentiality of Plaintiff's "special relationship" with the government, (iii) failing to stop or correct the disclosure of classified information concerning Plaintiff, (iv) failing to provide protection to Plaintiff, and (v) failing to grant Plaintiff political asylum in the United States. To prevail on his motion for summary judgment, Plaintiff must demonstrate the absence of a genuine dispute as to each element of his claims necessary to

support judgment in his favor. Fed. R. Civ. P. 56(c). Plaintiff cannot meet this standard.

Indeed, to prove his claims that Defendants John Ashcroft, former Attorney General of the United States, Tom Ridge, Secretary of the Department of Homeland Security, and Colin Powell, former Secretary of State, failed to stop or correct the disclosure of classified information concerning Plaintiff, Plaintiff must demonstrate that (i) classified information concerning Plaintiff exists, (ii) that improper disclosure of such information occurred, (iii) these Defendants had a duty to stop or correct such disclosure, and (iv) that they breached this duty. Similarly, to prove his claims against Defendants Marc Susser, (former) Director of the Office of County Reports and Asylum Affairs ("OCRAA"), Carol Timko, (former) Officer of the OCRAA, Marva McAllister, DHS Supervisory Asylum Officer, Randa Zagzoug, DHS Counsel, and Immigration Judge Philip Morace, Plaintiff must demonstrate that (i) classified information concerning Plaintiff exists, (ii) these Defendants had an obligation not to disclose classified information concerning the Plaintiff, and (iii) they improperly disclosed such information. He must also demonstrate that (i) he had a "special relationship" with the government, (ii) the government had a duty under this "special relationship" to provide Plaintiff political asylum, (iii) asylum can be granted to Plaintiff by means of a "special relationship," instead of Plaintiff having to go through the proper immigration procedures, and (iv) the government breached this "special relationship." As demonstrated below, Plaintiff fails to point to any evidence that proves the existence of any of these elements.

**<u>Defendants' Opposition to Plaintiff's Statement of Material Uncontested Facts</u>**

Plaintiff's Statement of Material Uncontested Facts ("Statement of Facts") do not prove the existence of each element of his claims necessary to support judgment in his favor. Furthermore, his Statement of Facts does not consist of "facts" at all but rather conclusory statements. Finally, the documents relied upon by the Plaintiff do not support the conclusions he reaches in his Statement of Facts.

1.  Plaintiff claims in Paragraph 1 of his Statement of Facts that he had a "special relationship" with the government. Exhibits 1 and 7 relied upon by the Plaintiff, however, do not evidence a "special relationship" between the government and Plaintiff. Exhibit 1 is full of inadmissable hearsay statements and, at best, states that the author scheduled a meeting between Plaintiff and "persons in the [U.S.] Embassy." It does not, however, state that such a meeting ever occurred. Further, Exhibit 7 does not detail or memorialize any "special relationship" between Plaintiff and the government. Exhibit 7 loosely describes some sort of understanding between the government and Plaintiff whereby the government promised to compensate Plaintiff and provide him with "unspecified assistance in refugee channels at a future date" in exchange for unspecified items from Plaintiff. Exhibit 7 does not state that the government promised to provide Plaintiff with political asylum in exchange for these items. Interestingly, Exhibit 7 goes on to state that Plaintiff did not perform any of his obligations and that the government informed him that, as a result of his non-performance, it did not owe Plaintiff any assistance. Thus, even if a "special relationship" existed between Plaintiff and the government – which Defendants deny – based on Exhibit 7, it appears that the government's obligation to perform certain duties under this "agreement" was voided by Plaintiff's failure to perform his duties. Accordingly, plaintiff

has failed to demonstrate that (i) he had a "special relationship" with the government, (ii) the government had a duty under this "special relationship" to provide Plaintiff political asylum, and (iii) the government breached this "special relationship."

2. Paragraph 2 of Plaintiff's Statement of Facts is clearly a conclusory statement. Moreover, Exhibits 5, 8, and 13 relied upon by the Plaintiff in Paragraph 2 of his Statement of Facts do not evidence that: (i) classified information concerning Plaintiff exists, (ii) Defendants McAllistar, Morace and Zagzoug had an obligation not to disclose classified information concerning the Plaintiff, and (iii) these Defendants improperly disclosed such information.

Exhibit 5 appears to be a letter from Marva McAllister, Department of Homeland Security ("DHS") Supervisory Asylum Officer, to the Plaintiff or his representative. Other than Plaintiff's own representations, Plaintiff provides no proof that this letter contains confidential information. Further, a letter to the Plaintiff certainly cannot constitute an improper disclosure. Plaintiff also fails to establish that Ms. McAllister had an obligation not to disclose this information concerning the Plaintiff. Indeed, given Ms. McAllister's position, it appears that writing such correspondence is within her job functions. Furthermore, as discussed in detail in Defendant's Motion to Dismiss, Plaintiff's claims against Defendant McAllister fail because she has a qualified immunity against suits arising from her official functions. "[G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate 'clearly established' statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); Castro-Aponte v. Ligia-Rubero, 953 F.2d 1429, 1430 (1st Cir. 1992). This document does not support a finding that Defendant McAllister violated a clearly established

statutory or constitutional right held by Plaintiff.  Accordingly, Plaintiff fails to prove any of the elements of his claim against Ms. McAllister.  Also, his claim against her fails as a matter of law.

Exhibit 8 appears to be a copy of DHS Counsel Randa Zagzoug's closing argument to the U.S. Immigration Court during Plaintiff's asylum proceedings.  Making a closing argument to the U.S. Immigration Court during an asylum proceeding is certainly within the job function of a DHS attorney, and, thus, was not an improper disclosure of information.  Furthermore, as discussed in detail in Defendants' Motion to Dismiss, as counsel for DHS, Defendant Zagzoug is absolutely immune from suits based upon alleged acts performed in the course of an immigration proceeding.  See Fares v. INS, 29 F. Supp. 2d 259, 262-263 (W.D.N.C. 1998), aff'd, 11 Fed. Appx. 137, 2001 WL 417647 (4th Cir. Apr. 24, 2001) (holding INS attorneys absolutely immune from suits arising from immigration proceedings).  Indeed, "absolute immunity is extended to government officials performing certain functions analogous to those of a prosecutor, regardless of whether those duties are performed in the course of civil, criminal, or agency proceedings." Id., citing Butz v. Economou, 438 U.S. 478, 508, 515 (1978); Schrob v. Catterson, 948 F.2d 1402, 1411 (3d Cir. 1991); Fry v. Melaragno, 939 F.2d 832, 837 (9th Cir. 1991).  Accordingly, Plaintiff fails to prove any of the elements of his claim against Attorney Zagzoug.  Also, his claim against her fails as a matter of law.

Finally, Exhibit 13 appears to be portions of the opinion written by Immigration Judge Philip Morace concerning Plaintiff's application for asylum.  Certainly, writing an opinion concerning an asylum application is within Judge Morace's judicial functions, and, thus, is not an improper disclosure of information.  Moreover, as discussed in detail in Defendants' Motion to Dismiss, Judge Morace is immune from suit for his decisions made during Plaintiff's

immigration proceedings.  See Hernandez-Ortez v. Godinez, No. 88C5925, 1988 U.S. Dist. LEXIS 13454, at *4 (N.D. Ill. Nov. 30, 1988) (role of an immigration judge in asylum proceedings is sufficiently judge-like to require protection of absolute, quasi-judicial immunity); Lartey v. Dep't of Justice, 790 F. Supp. 130, 133 (W.D. La. 1992) (immigration judge protected by absolute immunity for judicial acts); see also Butz v. Economou, 438 U.S. 478, 514 (1978). Accordingly, Plaintiff fails to prove any of the elements of his claim against Judge Morace, and his claim against him fails as a matter of law.

  3. Paragraph 3 is simply a conclusory statement and is not supported by any affidavit, deposition or other documentation as required by Local Rule 56.1.

  4. Paragraph 4 constitutes conclusory statements.  Moreover, the allegation that Defendants Ashcroft, Ridge and Powell failed to remedy the disclosure of classified information concerning the Plaintiff is not supported by any affidavit, deposition or other documentation as required by Local Rule 56.1.  Indeed, Plaintiff provides no evidence that demonstrates that (i) classified information concerning Plaintiff exists, (ii) that improper disclosure of such information occurred, (iii) these Defendants had a duty to stop or correct such disclosure, and (iv) that they breached this duty.

  5. Paragraph 5 constitutes conclusory statements and is not supported by any affidavit, deposition or other documentation as required by Local Rule 56.1.  Again, Plaintiff provides no evidence that demonstrates that (i) classified information concerning Plaintiff exists, (ii) that improper disclosure of such information occurred, (iii) Defendants Ashcroft, Ridge, and Powell had a duty to stop or correct such disclosure, and (iv) that they breached this duty.  Furthermore, as discussed in detail in Defendants' Motion to Dismiss, none of the statutes, regulations, and

executive orders relied on by Plaintiff allow for private suit or relief.  Indeed, the statutes concerning the powers and duties of the Attorney General, the Secretary of Homeland Security, and the Secretary of State do not allow the Plaintiff to bring an action against the holders of those positions because they allegedly failed to perform their duties.  <u>See</u>, <u>e.g.</u>, 8 U.S.C. § 1103.  Similarly, the various statutes, regulations, and executive orders cited by the Plaintiff, which describe how the government should handle confidential intelligence, do not allow for private causes of action.  <u>See</u>, <u>e.g.</u>, Executive Order 12968 § 7.2(e) (regarding access to classified information, stating that order "does not create any right to ... judicial review, or any other right or benefit or trust responsibility ... enforceable by a party against the United States, its agencies or instrumentalities, its officers or employees, or any other person.").  Also, Plaintiff's claims against Defendants Powell, Ashcroft and Ridge are barred by sovereign immunity.  None of the statutes relied on by the Plaintiff expressly waive sovereign immunity.  <u>See</u>, 8 U.S.C. § 1103; 18 U.S.C. §§ 641, 793, 794, 798, 952; 50 U.S.C. §§ 403h, 413(a).  Accordingly, not only does Plaintiff fail to demonstrate the absence of genuine dispute as to the element of his claims against Defendants Ashcroft, Powell, and Ridge, his claims also fail as a matter of law.

      6.    Paragraph 6 constitutes conclusory statements and is not supported by any affidavit, deposition or other documentation as required by Local Rule 56.1.  Further, Plaintiff provides no evidence that demonstrates he had a "special relationship" with the government.  He also provides no evidence that demonstrates that Defendants Ashcroft, Powell, and Ridge owed him a duty as a result of this "special relationship."  Moreover, Plaintiff's claims against Defendants Powell, Ashcroft and Ridge are barred by sovereign immunity.

      7.    Paragraph 7 constitutes conclusory statements and is not supported by any affidavit,

deposition or other documentation as required by Local Rule 56.1.  Furthermore, 50 U.S.C. 403h does not allow Plaintiff to bring an action against the government for private suit or relief.[1]

Plaintiff fails to point to any evidence that proves the existence of any of the elements of his claims.  He cannot demonstrate that classified information concerning him exists, or that an improper disclosure of such information even occurred.  He also fails to prove that any of the Defendants breached some duty owed to him.  Similarly, Plaintiff fails to demonstrate that he had a "special relationship" with the government and that the government breached some duty owed to him arising from that relationship.  Moreover, he fails to demonstrate that the Court should grant judgment in his favor as a matter of law.

At this early stage of litigation – indeed, no discovery has been conducted by either party – the current record taken as a whole would not lead a rational trier of fact to find for the Plaintiff.  Therefore, there are genuine issues of material fact present.  As such, the Court should dismiss Plaintiff's Motion for Summary Judgment.

---

[1] Defendants also deny each and every allegation contained in Plaintiff's Statement of Facts not heretofore admitted, denied, or otherwise responded to.

## CONCLUSION

Accordingly, for the reasons articulated above, the Court should dismiss Plaintiff's Motion for Summary Judgment.

                Respectfully submitted,

                MICHAEL J. SULLIVAN
                United States Attorney

By:    /s/ Damian W. Wilmot
           DAMIAN W. WILMOT
           Assistant U.S. Attorney
           John Joseph Moakley Federal Courthouse
           One Courthouse Way, Suite 9200
           Boston, MA   02210
           (617) 748-3100

Dated: January 27, 2005

## CERTIFICATE OF SERVICE

I certify that on January 27, 2005, I caused a copy of the foregoing document to be served on Plaintiff by first class mail, postage pre-paid to John Doe, P.O. Box 20109, New York, NY 10001-0005.

                /s/ Damian W. Wilmot
                DAMIAN W. WILMOT
                Assistant U.S. Attorney