```
                    UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MASSACHUSETTS
```

| | |
|---|---|
| JOHN DOE,            )<br>    Plaintiff,    )<br>                     )<br>    v.               )<br>                     )<br>JOHN ASHCROFT, et al., )<br>    Defendants.   ) | C.A. No. 04-10495-NG |

GERTNER, D.J.:

**MEMORANDUM AND ORDER RE: DEFENDANTS' MOTION TO DISMISS**
**January 28, 2005**

**I.   INTRODUCTION**

Plaintiff John Doe[1] ("Doe") brought this suit against several members of the federal executive branch alleging that they exposed him as a confidential informant for the United States government, thereby breaching their confidentiality pledge and placing Doe in grave danger, in violation of his statutory and constitutional rights. Second Am. Compl., ¶¶ 2-9. Doe, a foreign national, applied for political asylum in the United States but was denied. Doe is presently appealing the denial of his asylum to the Board of Immigration Appeals in New York, New York.[2] See Def.'s Mem. In Supp. Of Mot. To Dismiss, pp. 1-2.

---

[1] Upon motion, the Court granted plaintiff permission to proceed as "John Doe." Plaintiff alleges that he is a classified informant on behalf of the United States, and that it would inflict damage to national security if his identity were disclosed. Pl.'s Mot. to Proceed as John Doe.

[2] According to defendants, Doe is proceeding under his true name and street address in the immigration proceedings in which he raised most if not all of the issues raised in his complaint. See Def.'s Mem. In Supp. Of Mot. To Dismiss, pp. 1-2.

Doe's complaint names eight federal officials as defendants, including John Ashcroft, Tom Ridge and Colin Powell.  The complaint alleges "intentional infliction of emotional distress, pain and suffering, loss of enjoyment etc," as well as breach of contract stemming from the disclosure of confidential information during his immigration proceedings.  Second Am. Compl., ¶¶ 13-20. Doe requests $100 million in compensatory relief, as well as punitive damages in the amount of $25 million per defendant.

Defendants have filed a motion to dismiss Doe's Second Amended Complaint (document #12), pursuant to Federal Rule of Civil Procedure §§ 12(b)(1), (2), (3), (5), and (6), based on lack of subject matter jurisdiction, lack of personal jurisdiction, insufficiency of service of process, improper venue, and failure to state a claim.  For the reasons set forth below, defendants' motion to dismiss is hereby **GRANTED**.

**II.  ANALYSIS**

   **A.   Lack of Subject Matter Jurisdiction**

Doe's Second Amended Complaint (document #9) sets forth 28 U.S.C. §§ 1346 and 1331 as its jurisdictional bases.  The first jurisdictional statute -- 28 U.S.C. § 1346 -- implies that Doe is pursuing a tort action against the United States.  The exclusive remedy for such a claim is provided by the Federal Tort Claims Act ("FTCA") under 28 U.S.C. § 2671 et seq.  The FTCA was a compromise -- in exchange for waiving some of its immunity,

Congress required that the claim first be presented to the appropriate federal agency. See 28 U.S.C. § 2675; Roman v. Townsend, 224 F.3d 24, 28 (1st Cir. 2000). The failure to follow this procedure before instituting a suit against the United States in federal court amounts to a fatal jurisdictional bar. Gonzalez v. United States, 284 F.3d 281, 287 (1st Cir. 2002). Because Doe has failed to meet this requirement, or even allege that he has met this requirement, the Court cannot exercise subject matter jurisdiction over his claims under § 1346.

The second jurisdictional statute pled by Doe -- 28 U.S.C. § 1331 -- implies that Doe is pursuing some sort of Bivens or other constitutional claim against the United States, since he has not alleged any other more specific cause of action. Two well-settled axioms bar Doe from raising his claims under § 1331: first, a Bivens action will not lie against an agency of the United States or against federal officials sued in their official capacities. Rivera v. Riley, 209 F.3d 24, 28 (1st Cir. 2000). Second, the United States is immune from suit unless it has expressly consented to be sued. United States v. Mitchell, 445 U.S. 535 (1980). Because Doe is suing the defendants in their official capacities for purely monetary damages, his suit is barred by both Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971), and 28 U.S.C. § 2679.

In his reply to defendants' motion to dismiss, Doe does not persuasively defend subject matter jurisdiction.

**B.    Doe Fails to Allege a Cognizable Claim**

Claims against government officials alleging violations of constitutional rights cannot be founded upon conclusory, vague or general accusations.  Kadar Corp. v. Milbury, 549 F.2d 230, 233 (1st Cir. 1997); Coyne v. United States, 233 F.Supp.2d 135, 143-144 (D.Mass. 2002) (dismissing a Bivens claim where plaintiff failed to put forward any specific, non-conclusory factual allegations establishing an improper motive).  An action may be dismissed where, as here, the claims alleged are "wholly insubstantial and frivolous."  Bell v. Hood, 327 U.S. 678, 683 (1946).  A frivolous action is one that "lacks an arguable basis in law or in fact," one that contains either inarguable legal conclusions or clearly baseless, or "fanciful" or "delusional" factual allegations.  Neitzke v. Williams, 490 U.S. 319, 325-26 (1989); see also Wyatt v. Boston, 35 F.3d 13, 15 n.1 (1st Cir. 1994) (citing cases where dismissal is warranted if it is "patently obvious" that plaintiff could not prevail).  Further, transparently insubstantial suits, such as Doe's, should be quickly terminated "to ensure that federal officials are not harassed by frivolous lawsuits."  Siegert v. Gilley, 500 U.S. 226, 232 (1991).

In his Second Amended Complaint, Doe added four new defendants to his original list of defendants -- all federal officials involved in his immigration proceedings.  His most specific allegations are against these defendants and arise out of his grievances regarding the course of his immigration proceedings.  These are the individuals who, according to Doe, breached the contract of confidentiality and protection that he had with the United States, causing him pain and suffering as a result.  However, a Bivens action should not proceed where a comprehensive statutory scheme exists in which Congress has created an avenue for redressing the harms claimed by the plaintiff.  See, e.g., Bush v. Lucas, 462 U.S. 367 (1983); Schweiker v. Chilicky, 487 U.S. 412, 414 (1988).  Here, Doe's immigration and asylum related grievances should be pursued within his appeal to the Board of Immigration Appeals.

**C.    Lack of Personal Jurisdiction Over Defendants**

In light of the due process requirements laid out in Burger King Corp. v. Rudzewicz, 471 U.S. 462 (1985), International Shoe Co. v. Washington, 326 U.S. 310 (1945), and their progeny, this Court cannot properly exercise personal jurisdiction over any of the eight named defendants.  All of the defendants reside and work outside of Massachusetts.  Doe also has not alleged that any defendant took any steps against him or purposely availed themselves within Massachusetts in any other manner.

### III. CONCLUSION

For the foregoing reasons -- lack of subject matter jurisdiction, lack of personal jurisdiction, and failure to state a cognizable claim - defendants' motion to dismiss is hereby **GRANTED**.

**SO ORDERED.**

**January 28, 2005**                               s/ NANCY GERTNER, U.S.D.J.